IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39175-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KODY M. ELMER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Kody Elmer appeals after pleading guilty to various felonies. He raises three sentencing issues, and we raised one issue sua sponte. We remand for the trial court to correct the community custody term for counts 4 and 5 and for it to strike the community custody supervision fee. We otherwise affirm.

FACTS

In August 2022, Mr. Elmer pleaded guilty to attempting to allude a pursuing police vehicle (count 1), identity theft in the first degree (count 2), identity theft in the second degree (count 3), and two counts of assault in the third degree (counts 4 and 5). The trial court imposed the following concurrent terms of incarceration: count 1—34 months, count 2—63 months, count 3—43 months, and counts 4 and 5—51 months. The court

imposed 12 months of community custody for counts 2, 3, 4, and 5, a $1,000 fine

pursuant to RCW 9A.20.021, and community custody supervision fees.  Mr. Elmer timely

appealed.

## ANALYSIS

Mr. Elmer asserts the trial court erred when it (1) imposed the $1,000 fine without

inquiring into his indigency, (2) imposed community custody on counts 2 and 3, and

(3) imposed 12 months of community custody on counts 4 and 5.  We sua sponte raised

the issue of whether the trial court erred when it imposed the community custody

supervision fee.  We address these issues in turn.

1.      THE $1,000 FINE WAS PROPERLY IMPOSED

Mr. Elmer contends the sentencing court erred when it imposed the $1,000 fine

without determining whether he could pay.  We disagree.

Whenever a person is convicted, the trial court may order the payment of

costs, often referred to as legal financial obligations (LFOs), as part of the sentence.

RCW 10.01.160(1).  By statute, the trial court is not authorized to order a defendant to

pay LFOs if they are indigent.  RCW 10.01.160(3).  For this reason, the sentencing court

"has a statutory obligation to make an individualized inquiry into a defendant's current

2

and future ability to pay before [it] imposes LFOs" under RCW 10.01.160(3). *State v. Blazina*, 182 Wn.2d 827, 830, 344 P.3d 680 (2015).

Here, however, the trial court imposed the $1,000 fine pursuant to RCW 9A.20.021, not RCW 10.01.160(3). As the State points out, we have previously held that a fine imposed pursuant to RCW 9A.20.021 is not a court cost subject to RCW 10.01.160(3), and the trial court is not required to conduct an inquiry as to the defendant's ability to pay when it imposes such a fine. *State v. Clark*, 191 Wn. App. 369, 375-76, 362 P.3d 309 (2015).

In his reply brief, Mr. Elmer argues the *Clark* court did not discuss RCW 9.94A.030(31), which includes "fines" in the definition of LFOs. Reply Br. at 2. We disagree. The *Clark* court did address the definition of LFOs, former RCW 9.94A.030(30) (2012), and specifically stated that the definition "distinguishes among different types of costs, other financial obligations, and fines." *Clark*, 191 Wn. App. at 375. The *Clark* court distinguished the definitions of costs and fines when reaching its holding that a sentencing court need not inquire about a defendant's ability to pay a fine. *Id*. at 375-76. Consistent with our precedent, we conclude that a fine imposed pursuant to RCW 9A.20.021 is not a cost under RCW 10.01.160(3), and the sentencing

court was not required to determine whether Mr. Elmer had the present or future ability to pay it.

2.    COMMUNITY CUSTODY WAS PROPERLY IMPOSED FOR THE IDENTITY THEFT CONVICTIONS

In his opening brief, Mr. Elmer argued the sentencing court erred by imposing community custody on counts 2 and 3—his identity theft convictions. The State responded by citing RCW 9.94A.701(3)(a), which expressly requires that 12 months of community custody be imposed for any crime against persons under RCW 9.94A.411(2)(a), which includes RCW 9.35.020(2) (identify theft in the first degree) and RCW 9.35.020(3) (identity theft in the second degree). In his reply, Mr. Elmer properly concedes this issue.

3.    THE COMMUNITY CUSTODY TERM MUST BE REDUCED FOR COUNTS 4 AND 5

Mr. Elmer argues his 12-month community custody term causes his sentence for counts 4 and 5 to exceed the statutory maximum. The State concedes this point but notes that correction of the sentence will not make any substantive difference. We agree.

Assault in the third degree (as well as identity theft in the second degree) is a class C felony, punishable by a maximum of 5 years of confinement (60 months). RCW 9A.36.031(2); RCW 9.35.020(3); RCW 9A.20.021(1)(c). If an offender's standard range term of confinement combined with the term of community custody exceeds the

statutory maximum for the crime, the sentencing court is required to reduce the term of

community custody to be within the statutory maximum. Former RCW 9.94A.701(9)

(2010).

Here, Mr. Elmer pleaded guilty to counts 4 and 5, both for assault in the third

degree. The court imposed a 51-month term of confinement for those convictions and

12 months of community custody. The total sentence, including for counts 4 and 5, is

therefore 63 months, which is 3 months too long.

That said, Mr. Elmer was sentenced to 12 months of community custody on count

2, identity theft in the first degree, which is a class B felony, punishable by up to 10 years

of confinement. RCW 9.35.020(2); RCW 9A.20.021(1)(b). The error noted in the

preceding paragraph therefore will have no effect on Mr. Elmer's actual community

custody sentence. Nevertheless, we remand for the trial court to correct the community

custody sentence on counts 4 and 5.

4. THE SUPERVISION FEE WAS IMPROPERLY IMPOSED

In our review of this appeal, we noted a likely unraised error. We asked the State

to provide a short brief or letter addressing whether the trial court erred when it imposed

the community custody supervision fee. The State responded by letter and acknowledged

the supervision fee should not have been imposed. We agree.

5

No. 39175-2-III
*State v. Elmer*

Effective July 1, 2022, the legislature removed the subsection of the statute that allowed a trial court to impose community custody supervision fees as a condition of community custody. *See* former RCW 9.94A.703(2)(d) (2018); SECOND SUBSTITUTE H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022). Mr. Elmer was sentenced after this change took effect. Therefore, the sentencing court erred when it imposed the condition.

Affirm in part, reverse in part, and remand to make noted corrections.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____       _____
Fearing, C.J.                                              Siddoway, J.

6